UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRENCE GARRETT,

       Plaintiff,                        CIVIL ACTION NO. 09-13958

    v.                                 DISTRICT JUDGE LAWRENCE P. ZATKOFF

ROBERT PICKNELL and            MAGISTRATE JUDGE VIRGINIA M. MORGAN
SGT. BROECKER,

       Defendants.
_____/

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION TO DISMISS (D/E #11)

**I. Introduction**

    This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleges that he was denied meaningful access to the courts by defendants[1] and the policies of the Genesee County Sheriff Department and Jail. The matter comes before the court on defendants' Motion to Dismiss (D/E #11). Plaintiff filed a response in opposition to that motion (D/E #14) and defendants filed a reply to that response (D/E #15). For the reasons discussed below, this court recommends that

---

[1] Plaintiff's complaint identifies defendant Picknell as the "Genesee County Sheriff" and defendant Broecker as the "Sgt. in Charge of the Grievance [sic] at the Genesee County Jail. Grievance Coordinator." (Complaint, pp. 1-1(A)) Both defendants are sued in their individual and official capacities. (Complaint, pp. 1-1(A))

defendants' motion be **GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

## II. Background

On October 7, 2009, plaintiff filed the complaint in this matter (D/E #1). Plaintiff alleges that he is being denied meaningful access to the courts while confined in the Genesee County Jail on a criminal charge. (Complaint, p. 4) Specifically, plaintiff claims that he twice asked to use the law library in order to file motions that his attorney has refused to make, and that his requests were either ignored or that he was told there was no law library. (Complaint, pp. 4-5) Plaintiff also claims that he filed a grievance relating to his constitutional right "to have some form of access to law material and efficient copying" and that defendant Broecker told plaintiff that the jail does not have a law library and plaintiff had to contact plaintiff's attorney. (Complaint, p. 4)

As relief, plaintiff seeks either use of a law library or adequate assistance from a person trained in the law. (Complaint, p. 5) Plaintiff also seeks $100,000.00 in monetary damages for mental anguish and emotional distress, as well as "[g]eneral, [p]ecuniary, [p]unitive, compensatory, irreparable and prospective damages." (Complaint, p. 5) Plaintiff further seeks $500.00 per day from June 25, 2009 to whenever the Genesee County Jail provides meaningful access to the courts. (Complaint, p. 5)

On December 30, 2009, defendants filed the motion to dismiss pending before the court (D/E #11). In that motion, defendants argue that plaintiff's complaint should be dismissed

because the right to access the courts is limited to situations involving direct appeals, habeas corpus applications, and civil rights claims. Defendants also argue that plaintiff's complaint should be dismissed because plaintiff has failed to adequately plead that he was denied meaningful access to the courts or any actual injury.

On February 5, 2010, plaintiff filed a response in opposition to defendants' motion to dismiss (D/E #14).[2] In that response, plaintiff argues that a pretrial detainee such as plaintiff is entitled to access to the courts with respect to his criminal case. Plaintiff also argues that his constitutional right was not satisfied by the appointment of counsel in his criminal case because the counsel in that case failed to render effective legal assistance. Plaintiff further argues that he was injured in several ways by the constitutional violation.

On February 11, 2010, defendants filed a reply to plaintiff's response (D/E #15). In that reply, defendants again reiterate that plaintiff's complaint should be dismissed because plaintiff was represented by appointed counsel at all times relevant to his complaint and because plaintiff has failed to demonstrate an actual injury as a result of the alleged denial of access.

## III. Standard of Review

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.

---

[2]Plaintiff's response also contained a motion to amend his complaint, but that motion was subsequently denied by this court.

1996).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570, 127 S.Ct. 1955, 1964-65, 1974, 167 L.Ed.2d 929, 1973-1974 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court most recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 U.S. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 U.S. at 1949 (citing Twombly, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. Iqbal, 129 U.S. at 1949. See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  This presumption, however, is not applicable to legal conclusions. Iqbal, 129 S.Ct. at 1949.  Therefore,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 U.S. at 1949 (citing Twombly, 550 U.S. at 555).

## IV. Discussion

Plaintiff alleges that defendants violated his constitutionally protected right to access the courts, partially grounded in the First Amendment's protection of the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. It is well established that prisoners have a constitutional right of access to the courts. See, *e.g.*, Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (listing case law supporting the right); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999). However, the right to access the courts is carefully-bounded and it does not provide a generalized "right to litigate" to prisoners. Lewis, 518 U.S. at 355. Here, defendants argue that plaintiff has failed to state a claim with respect to that carefully-bounded rights and, for the reasons discussed below, this court recommends that defendants' motion be granted.

Defendants first argue that plaintiff's complaint should be dismissed because, while plaintiff is a pretrial detainee who only alleges that his right to access the court was violated in the context of his criminal trial, the right to access the courts is limited to situations involving direct appeals, habeas corpus applications and civil rights claims. As stated in Lewis v. Casey:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to

> attack their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement. Impairment of any
> other litigating capacity is simply one of the incidental (and
> perfectly constitutional) consequences of conviction and
> incarceration.

[Lewis, 518 U.S. at 355.] "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." Thaddeus-X, 175 F.3d at 391. See also United States v. Smith, 907 F.2d 42, 44 (6th Cir. 1990) ("[I]n the context of a criminal trial ... Bounds is completely inapplicable."). However, in his response, plaintiff identifies two cases in which the Sixth Circuit has discussed and applied the right to access the courts with respect to pretrial detainees and their criminal cases. See, *e.g.*, Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir. 1991); Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983). See also United States v. Manthey, 92 Fed. Appx. 291, 297 (6th Cir. 2004); Leveye v. Metro. Pub. Defender's Office, 73 Fed. Appx. 792, 794 (6th Cir. 2003).

While there appears to be some conflict as to whether the right to access the courts applies to plaintiff's situation, it is clear that the cases applying the right to access the courts to pretrial detainees have found that the right is fully protected by the appointment of counsel in the criminal case. See Martucci, 944 F.2d at 295 (holding no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since constitution only requires adequate law library or appointed counsel); Holt, 702 F.2d at 640 ("[A] prisoner's constitutionally-guaranteed right of access to the courts [is] protected when a state provides that prisoner with either the legal tools necessary to defend

himself, *e.g.*, a state-provided law library, or the assistance of legally trained personnel."); Manthey, 92 Fed. Appx. at 297 (holding that, as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts); Leveye, 73 Fed. Appx. at 794 (holding that, where a pretrial detainee is represented by counsel, a jail cannot be said to have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel). Here, both plaintiff's complaint and his response to the motion to dismiss concede that he is being represented by an attorney in his criminal trial. (Complaint, pp. 4-4(A); Plaintiff's Response to Defendants' Motion for Summary Judgment, pp. 2-3)[3] Therefore, plaintiff's right to access the courts has not been violated and defendants' motion to dismiss should be granted.

Plaintiff argues that the mere appointment of an attorney is not enough and that his constitutional right to access the court was not satisfied by the appointment of counsel in his criminal case because the counsel in that case failed to render effective legal assistance. However, plaintiff fails to provide any support for that argument and, as noted by defendants' reply brief, other circuits have expressly rejected this argument. See Bourdon v. Loughren, 386

---

[3]Defendants also provide the Case Register of Actions from plaintiff's criminal case as evidence that plaintiff was represented by counsel in his criminal case. (Register of Actions for Case No. 09-025236-FH, Genesee County Circuit Court, p. 4; attached as Exhibit 1 to Defendants' Motion to Dismiss). While that issue is undisputed, as demonstrated by plaintiff's complaint and response, the court may also take judicial notice of the appointment of counsel while deciding this motion to dismiss. Lyons v. Stovall, 188 F.3d 327, 333 n. 3 (6th Cir. 1999) (citations omitted); Granader v. Public Bank, 417 F.2d 75, 82 (6th Cir. 1969) (collecting cases).

F.3d 88 (2d Cir. 2004) (holding that, where the defendant was represented by an attorney, that satisfied his "right of access to the courts," without consideration of whether counsel's representation fell below effective assistance, and the defendant's right of access therefore was not violated when defendant was denied access to the jail library); Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8th Cir. 1995) (concluding that "consistent with the constitutional right asserted by plaintiff, namely, the right of meaningful access to the courts, the term 'adequate,' as used in Bounds to modify 'assistance from persons trained in the law,' refers not to the effectiveness of the representation, but to the adequacy of the prisoner's access to his or her court-appointed counsel or other law-trained assistant.") Moreover, while the Sixth Circuit has not addressed this issue, at least one court in the Eastern District of Michigan has also expressly rejected plaintiff's argument. In Willis v. Lafler, No. 05-74885, 2007 WL 3121542, *18 (E.D. Mich. October 24, 2007) (Edmunds, J.), the Honorable Nancy G. Edmunds rejected a *habeas* petitioner's claim that he was denied his right to access to the courts during his criminal trial because the state's provision of counsel to petitioner and counsel's ability to obtain the materials at issue satisfied the state's obligation to afford petitioner access to the courts. As stated by Judge Edmunds in her opinion:

> This conclusion is not altered by petitioner's claim that counsel was ineffective . . . . While such a claim may be an independent basis for relief . . . counsel's alleged ineffectiveness does not negate the fact of counsel's access to the materials, which is the only relevant inquiry with respect to petitioner's equal protection and access to courts claims.

[Willis, 2007 WL 3121542 at *18.] Given that case law, as well as the other avenues plaintiff possesses for addressing his ineffective assistance of counsel claims, this court recommends that plaintiff's argument be rejected and that, because he is being represented by an attorney in his criminal trial, defendants' motion to dismiss be granted.

In the alternative, defendants also argue that plaintiff's complaint should be dismissed because plaintiff has failed to adequately plead that he suffered an actual injury. While a First Amendment right to access to the courts clearly exists, no claim for interference with this right exists unless plaintiff alleges that he has suffered an actual injury. See Lewis, 518 U.S. at 349-54. To allege an actual injury, plaintiff must allege that defendants prevented him from filing a non-frivolous legal claim challenging his conviction, Lewis, 518 U.S. at 351-54, or that a non-frivolous claim was lost or rejected because of defendants, Lewis, 518 U.S. at 354-56.

Here, plaintiff did not sufficiently allege any such actual injury. On the contrary, plaintiff's complaint expressly states that he was able to file all the motions he wanted, albeit with some difficulty. There is no mention in the complaint regarding any rulings on those two motions and plaintiff offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous claim. Thus, plaintiff failed to state a claim upon which relief can be granted and defendants' motion to dismiss should be granted.

**V. Conclusion**

For the reasons discussed above, this court recommends that defendants' motion be **GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: May 6, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 6, 2010.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
